Donai-iue, J.
Conceding for the purpose of the discussion of the questions involved in this record, that a trustee may purchase the mortgaged property for the protection of the trust fund, yet this departure from the terms and direction of the trust cannot longer obtain than absolutely necessary to serve the original purpose, and when that has been accomplished it becomes the duty *263 of the trustee, upon the demand of the cestui que trust to make sale of the real estate so purchased and to invest the funds arising therefrom in manner and form as directed by the will of the testator. It is not the privilege of the trustee, or of the remainderman, to substitute his judgment as to the manner of investing the funds in the place of the judgment of the donor of the trust property and the fact that in their opinion it is more advantageous to keep this money invested in real estate that is likely to continue to enhance in value is of no importance whatever. The express provisions of the will are absolute and must guide the trustee in the administration of this trust. It is insisted in the brief of counsel that the beneficiary of this trust, James W. Willis, has been in possession of this land and receiving profits therefrom largely in excess of the interest earnings of the fund, but that does not appear in this petition, and if it did it would not be important except as to the question of distribution and the accounting by the trustee, for if the beneficiary of this trust has accepted and enjoyed the benefits of the land in lieu of the interest that he would have received from the fund, then for so long a time as he has accepted the same he could not be permitted to claim that in addition thereto he must have a further amount equal to what the fund would have earned had it been at interest. The acceptance of the use, or the rents and revenues, of this land would estop him from demanding interest upon the primary trust fund for and during the time he so used the land or accepted the rents and reveques therefrom. However, when it appears that this *264 primary fund is not in peril of diminution by a resale of the land, it is certainly his right to compel the trustee to proceed according to the terms of the trust.
If during the time the trustee has held the legal title to this land this plaintiff, who is the beneficiary of the trust, has used and occupied the land •and taken unto himself all the benefits of the ownership thereof, he is not in position to question the right of the trustee to make the purchase, but he is entitled to receive any interest earned by this trust, or any interest that the primary fund would have earned had it been kept invested according to the terms o‘f the will up until the time he estopped himself from claiming the same by accepting the rents and revenues, or the use of this land if he ever did accept the same. If the facts pleaded in this petition are true, and this demurrer admits the truth of the same, this cestui que trust is entitled, nothing else appearing, to have this land sold, and from the proceeds arising therefrom must be taken first, an amount equal to the original trust fund. The beneficiary of the trust would then be entitled to receive out of any surplus over that amount, any earnings thereof that he has not, in-the manner above stated, estopped himself from .claiming, and any surplus still remaining from the proceeds of such sale must be added to the original trust fund forming a new principal, or new trust fund, that must be invested for his benefit as directed by the will, and at his death that fund will be paid to the person or persons designated in the will.
*265 This court is dealing now only with the facts presented in the plaintiff’s.petition, and is perhaps going further than the necessities of this case require, yet not further than necessary to effect a speedy determination of the rights of the parties.
The circuit court erred in sustaining the demurrer to the petition, and for that • error the judgment of the circuit court is reversed and remanded to the circuit court with instructions to overrule the demurrer.

Judgment reversed.

Spear, C. J., Davis, Shauck, Price and Johnson, JJ., concur.